## SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Settlement Agreement") covers all understandings between Plaintiff Allison Goldberg (hereinafter referred to as "Plaintiff") and Defendant Ryan M. Friedrich DDS, LLC, (hereinafter referred to as "Defendant," a term which includes any parent or subsidiary corporation, and its past and present Members, Managing Members, Officers, employees, directors, representatives, shareholders, members, or other interest holders, including Ryan Friedrich).

### RECITALS

I.      Plaintiff Allison Goldberg originally filed this suit in the United States District Court for the Northern District of Georgia, titled <u>Goldberg v. Ryan M. Friedrich DDS, LLC</u>, CASE NO. 1:13-cv-1778-JOF (the "Action").

II.     In the Action, the Plaintiff alleged violations of applicable wage laws, all of which allegations and violations being categorically denied by Defendant, and sought overtime compensation, liquidated damages, and reasonable attorneys' fees.

III.    The parties have engaged in negotiations concerning the settlement of the claims asserted in the Action. Through the negotiations, Plaintiff reached a settlement with Defendant. The settlement memorialized herein reflects that settlement. At all times, the parties' settlement discussions were non-collusive and at arms' length.

IV.     Plaintiff has concluded, based upon investigation and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs of further prosecution of the Action, the uncertainties of litigation, and the substantial benefits to be received pursuant to this Agreement, that a



settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in Plaintiff's best interests. Plaintiff has agreed to settle this Action with Defendant on the terms set forth herein.

V. Defendant denies each of the claims asserted against it in the Action and makes no admission whatsoever of liability or any violations under any applicable federal or state laws. Defendant nevertheless desires to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action. Accordingly, the parties agree, covenant and represent that this Agreement shall not be treated, at any time and for any purpose, as an admission of liability or wrong doing of any kind whatsoever by Defendant. The parties intend that, except as necessary to carry out the terms of this settlement, this Agreement shall be, without written consent from Defendant, inadmissible in any proceedings pursuant to Federal Rule of Evidence 408 and corresponding or similar state law rules of evidence. The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the settlement of the Action: (1) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in the Action; (2) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and (3) are not, shall not be deemed to be, and may not be used as, an admission or evidence of the appropriateness of these or similar claims for certification of a collective or representative action.



## AGREEMENT

### I. RECITALS

The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

### II. SETTLEMENT CONSIDERATION

In consideration of the promises, covenants, and releases hereinafter set forth, the parties agree as follows:

a. **Payment to Plaintiff:** Contemporaneous with the execution of this Agreement, Defendant will forward to counsel for Plaintiff its check in the gross amount of NINE THOUSAND DOLLARS ($9,000) (the "Settlement Proceeds"). Said amount represents payment of all damages claimed by and alleged owed to Plaintiff, including but not limited to wage income, liquidated damages, attorney fees and expenses. Plaintiff shall be solely responsible for any and all corresponding federal and state taxes, and shall indemnify and hold Defendant harmless against any claimed taxes owed resulting from Plaintiff's receipt of said monies. Said settlement monies will be held in counsel for Plaintiff's escrow account pending the approval of the settlement by the Court. Thereafter, a payment of $5,160.00 will be tendered to Plaintiff, with the balance of $3,840.00 being paid to Plaintiff's counsel of record for its fees and expenses.

b. **Timing and Manner of Payment and Conditions Precedent:** Checks making payments under this Agreement to Plaintiff and Barrett & Farahany, LLP (the "Settlement Checks") will be issued by Plaintiff's counsel, Barrett & Farahany, LLP, within <u>ten (10) days</u> after the Court's approval of this Agreement.

c. For and in consideration of the payments, promises, and other consideration described in this Agreement, and as a material inducement for Defendant to enter into this Agreement, Plaintiff agrees to promptly cooperate with Defendant in obtaining Court approval of this Agreement and a simultaneous dismissal of the Lawsuit, with prejudice.

3

## V.     RELEASE OF CLAIMS AND COVENANT NOT TO SUE

A.     Plaintiff acknowledges full satisfaction of, and fully, finally, and forever settle with, release, and discharge the Released Parties of and from all Settled Claims.

B.     For purposes of this Settlement Agreement, "Released Parties" means and includes Defendant, all of its affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, independent contractors, representatives, attorneys, predecessors, successors, and assigns.

C.     For purposes of this Settlement Agreement, "Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, whether know or unknown, alleged or not alleged in the Action, suspected or unsuspected, contingent or vested, which Plaintiff had, now have, or may have in the future which were or could have been raised in the Action based in whole or in part upon, arising out of, or related in any way to the facts, circumstances, transactions, occurrences, events, acts, omissions, or failures to act that are related to her employment with Defendant. This includes but is not limited to matters arising out of or connected in any way with (i) any claimed violations of the FLSA; (ii) any other claimed violations against Defendant of any state wage and hour laws; (iii) any other claimed violations against Defendant of any other federal or state labor or employment law, statute, code or ordinance; (iv) any other claims or causes of action against Defendant arising, related or otherwise connected with or arising from Plaintiff's employment with Defendant or (iii) any other statutory or common law claims in connection with the alleged failure of Defendant related to the individual's employment, as well as any and all claim for penalties, attorney's fees, costs, and/or expenses through the time when such individual executes a release. Plaintiff further

4



covenants and agrees not to sue, or otherwise pursue or participate in litigation, alternative dispute resolution or any other means whatsoever, with respect to any of the Settled Claims.

D. Defendant acknowledges full satisfaction of, and fully, finally, and forever settles with, release, and discharge Plaintiff of and from all Settled Claims, as set forth in Sec. V(E), below.

E. For purposes of Defendant's release of claims, "Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, whether know or unknown, alleged or not alleged in the Action, suspected or unsuspected, contingent or vested, which Defendant had, now has, or may have in the future which were or could have been raised in the Action, or in a separate action based in whole or in part upon, arising out of, or related in any way to the facts, circumstances, transactions, occurrences, events, acts, omissions, or failures to act that are related to Goldberg's employment with Defendant. This includes but is not limited to matters arising out of or connected in any way with (i) conversion or other tort claims; (ii) theft; (iii) alleged misappropriation, unlawful payment, receipt or acceptance of compensation or monies by Plaintiff from Defendant; or (iv) any other statutory or common law claims in connection with the alleged failure, negligence, gross negligence, intentional or willful misconduct of Goldberg related to her employment, as well as any and all claim for penalties, attorney's fees, costs, and/or expenses through the time when such individual executes a release. Defendant further covenants and agrees not to sue, or otherwise pursue or participate in litigation, alternative dispute resolution or any other means whatsoever, with respect to any of the Settled Claims.

F. The release provisions set forth above, in (Sec. (V)(A)-(E)), may be pleaded as a full and complete defense to, and may be used as the basis for injunction against, any action, suit,



...

claim or other proceeding of any type which may be prosecuted, initiated or attempted in violation of the terms of this General Release.

### VII. MISCELLANEOUS PROVISIONS

A. All the parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel.

B. This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the parties and as approved by the Court.

C. The parties and their respective attorneys shall proceed diligently to prepare and execute all documents, to seek the necessary court approvals and do all things necessary to consummate the settlement provided herein.

D. This Agreement constitutes the entire agreement between the parties concerning the subject matter hereof. No extrinsic oral or written representation or term shall modify, vary or contradict the terms of this Agreement.

E. Other than necessary disclosures made in camera to the Court, documents filed with the Court, and/or statements made to the Court, the fact of settlement and all related information shall be held strictly confidential by Plaintiff and Defendant.

F. This Agreement is a contract between the parties and not merely a recital. Should either of the parties breach any term of this Agreement, the party in breach will be liable to the other party for reasonable attorneys' fees and costs incurred in attempting to enforce the terms of the Agreement.

G. This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Georgia, both in its procedural and



substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Northern District of Georgia. This Agreement is deemed to have been drafted jointly by the parties.

H. In the event that legal action arises out of this Agreement or is necessary to enforce any of the terms or provisions of this Agreement, the prevailing party in the action shall be entitled to recover its reasonable attorneys' fees and costs.

I. Each individual signing this Agreement warrants that he or she is expressly authorized to enter into this Agreement on behalf of the party for which that individual signs.

Date: 10/30/13    Signature: _____
                              Allison Goldberg

Date: 11/5/2013   Signature: _____
                              V. Severin Roberts
                              Counsel for Plaintiff

Date: 8-12-13     Signature: _____
                              Ryan Friedrich DDS, LLC

Date: 9/27/13     Signature: _____
                              Andrew Shaul
                              Attorney for Defendant

7